# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA

            Plaintiff,

-vs-                                                Case No. 3:09-CR-072

ROGER MATHEWS, JR.,

            Defendant.

---

## AMENDED JUDGEMENT ENTRY
## REDUCING DEFENDANT'S SENTENCE

---

On November 18, 2010, the Court sentenced the defendant to 120 months imprisonment based upon his previous plea of guilty to Possession with Intent to Distribute 50 Grams or More of Cocaine Base. Pursuant to an order of this Court, adopting the Report and Recommendations of United States Magistrate Judge Michael R. Merz (doc.68) that the defendant should be re-sentenced under the Fair Sentencing Act (FSA), a resentencing hearing was conducted on March 2, 2012. The Court determined that just prior to the defendant's sentencing held on November 18, 2010, the 2011 edition United States Sentencing Commission Guidelines Manual became effective on November 1, 2010. The revised guideline amendments affected both the defendant's total offense level and his criminal history category.

It should be noted that since the defendant's sentencing, the Department of Justice adopted the stance that the FSA with its reduced statutory penalties should apply to sentencings on or after its effective date of August 3, 2010. As such, the defendant's statutory imprisonment penalty range would be 60 to 480 months rather than 120 months to life.

The defendant's offense involved 197.16 grams of cocaine base (crack). In accordance with the Drug Quantity Table at U.S.S.G. § 2D1.1(c)(5), an offense involving at least 196 grams but less than 280 grams of cocaine base, shall have a Base Offense Level of 30. No specific offense characteristics apply. After applying a three (3) level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1, defendant's Total Offense Level resulted in a 27. In addition, the revised guideline amendments removed U.S.S.G. § 4A1.1(e), reducing the defendant's Total Criminal History Points to a

9, resulting in a Criminal History Category of IV. Based on a Total Offense Level of 27 and a Criminal History Category IV, the alternative imprisonment range is 100 to 125 months.

Pursuant to the Court's order of January 18, 2012, in *United States v. Trammell,* 2012 U.S. Dist. Lexis 5615 (S.D. Ohio 2012), and in accordance with *Spears v. United States,* 555 U.S. 261 (2009), and *Kimbrough v. United States,* 552 U.S. 85 (2007), the Court considered an alternative guideline calculation, utilizing a 1:1 crack-to-powder ratio. As previously stated, the defendant's offense was determined to be 197.16 grams of cocaine base. Given the 1:1 crack-to-powder ratio and pursuant to U.S.S.G. § 2D1.1(c)(11), an offense involving at least 100 grams but less than 200 grams, shall have a Base Offense Level of 18. No other specific offense characteristics apply. Applying a three (3) level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1, defendant's Total Offense Level resulted in a 15. Based on a Total Offense Level of 15 and a Criminal History Category of IV, the guideline imprisonment range is 30 to 37 months. However, based upon U.S.S.G. § 5G1.1(b) and the statutory, mandatory minimum, the guideline range is 60 months.

The Court having recalculated the offense and criminal history levels under the 2011 edition of the United States Sentencing Commission Guidelines Manual, finds that the statutory mandatory minimum guideline range takes precedent. Therefore, the COURT ORDERS that the Defendant's original sentence in the Judgement Order (doc. 44) filed November 24, 2010 be reduced to a sentence of sixty (60) months as to Count One (1) of the Superseding Indictment. The Court reaffirms all other provisions of the previously filed judgment shall remain in effect. The Defendant's appeal rights were explained and understood. The Defendant was remanded to the custody of the U.S. Marshal.

DONE and ORDERED in Dayton, Ohio this 7th day of March 2012.

THOMAS M. ROSE, JUDGE
UNITED STATES DISTRICT COURT